PER CURIAM.
The question presented is whether there is competent and substantial evidence to support the trial court’s finding that a sale by the purchase-money mortgagee of a repossessed automobile, which was also subject to an inferior judgment lien, was both bona fide and in compliance with the requirements of article 9 of the Uniform Commercial Code (§ 679.504, Fla.Stat. (1985)) so as to cut off the rights of the judgment lienholder.
Caribank financed Jose Blanco’s Mercedes Benz and recorded its lien in April 1985. Security Title Guarantee obtained an $80,000 judgment against Blanco, based on an unrelated real estate transaction, which was recorded as a lien against the Mercedes Benz in August 1985.
When Blanco defaulted in payments with $33,000 due to Caribank, the bank repossessed the automobile for resale. Appellee Breezeview purchased the automobile for the amount due Caribank, intending, obviously, to be subrogated to Caribank’s position. Security Title’s attempt to execute against the automobile was temporarily enjoined by the court on Breezeview’s motion to stay pending a declaration of the parties’ rights.
Following a one-hour trial, the court entered its Final Judgment Granting Declaratory and Injunctive Relief, finding as follows:
THE COURT FINDS that after default by the debtor, JOSE L. BLANCO, CARI-BANK had taken possession of the Mer-cedez-Benz automobile, I.D. No. # WDB1260431A032836 pursuant to its right of repossession and right to sell the vehicle in accordance with the Uniform Commercial Code and Florida Statutes Chapter 679. CARIBANK was in possession of the Certificate of Title and had duly perfected its lien prior to the time that a Writ of Execution was issued in favor of SECURITY TITLE GUARANTEE CORPORATION OF BALTIMORE against JOSE L. BLANCO. After acquiring repossession, CARIBANK gave Notice of Intent to Sell and published its notification of sale and, in fact, received oral offers to purchase the vehicle for amounts less than the full amount owed. JOSE BLANCO learned of CARIBANK’S intent to sell the vehicle for less than the amount owed and located a buyer for the vehicle that would pay the full amount owed to CARIBANK, BREEZEVIEW LAND DEVELOPERS, INC. CARI-BANK in fact received and accepted cashier’s checks in the amount of $30,-000.00 which stated on their face that the Remittitur was BREEZEVIEW LAND DEVELOPERS, INC.
THE COURT FURTHER FINDS that it was the practice and procedure of CARIBANK, upon sale of a repossessed vehicle, to cause title transfer by indicating on the front of the Certificate of Title the satisfaction of the CARIBANK lien and by completing Section 1 on the back of the Certificate of Title in the name of the debtor by utilizing the power of attorney obtained from the former owner/debtor at the time the loan was originally transacted.
THE COURT FURTHER FINDS that in this case the former owner/debtor was present and willing to execute the Form No. 1 of the Certificate of Title at the time of the transfer, that CARIBANK had obtained the right to transfer title and that a CARIBANK employee in fact notarized the signature contemporaneously with CARIBANK’s receipt of BREEZEVIEW LAND DEVELOPERS’ checks and funds, so as to constitute sale to BREEZEVIEW LAND DEVELOPERS, INC. by CARIBANK.
THE COURT FINDS that the transaction did in fact constitute a Uniform Commercial Code sale as contemplated by § 9-504 and Fla.Stat. § 679.504 by CARIBANK to BREEZEVIEW LAND DEVELOPERS, INC. of the Mercedes-Benz automobile in question. Accordingly, BREEZEVIEW LAND DEVELOPERS, INC. is entitled to and did receive for value the Mercedes-Benz automobile free and clear and discharged of all security interests and liens including CARI- *110 BANK’S lien and the subordinate execution lien of SECURITY TITLE GUARANTEE CORPORATION OF BALTIMORE, in accordance with the Uniform Commercial Code § 9-504(4) as adopted in Florida by Florida Statute § 679.504(4).
Security Title’s contentions here are that (1) the sale did not satisfy the notice requirements of section 679.504, (2) the transaction was a fraudulent one engineered by Blanco, with the aid of Breezeview, to defeat the interests of Blanco’s wife and Security Title, (3) the transaction was not an article 9 sale but a redemption by Blanco which could not defeat Security Title’s interest.
In our view the evidence supports the trial court’s finding that there was no material departure from the requirements of section 679.504, and no redemption by Blan-co. It is undisputed that the proceeds for the repossession purchase came from Breezeview and that all phases of the sale and transfers of ownership were open and of record. Assuming that Blanco had intended to defraud his wife in a proceeding to dissolve their marriage in which Mrs. Blanco would assert a marital interest in the automobile, it is unclear how the transaction between Caribank and Breezeview would affect the wife’s interest in the automobile as marital property. More importantly, the alleged evil motive of Jose Blan-co, vis-a-vis his wife, would not affect the validity of the commercial transaction as between Caribank and Breezeview.
Affirmed.
BASKIN and FERGUSON, JJ., concur.